UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK WILLIAM BECKENDORF, III,** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-1357** |
| **DANIEL FLEISCHMAN, ET AL.** | **SECTION: "T"(5)** |

PARTIAL REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants Dr. Jose Ham and Nurses Kara Marinello and Amy Stafford (collectively, "Defendants"). (Rec. doc. 24). Plaintiff Frank William Beckendorf, III has filed an opposition (Rec. doc. 25), and Defendants have filed a reply. (Rec. doc. 29). For the following reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Defendants Dr. Jose Ham and Nurses Kara Marinello and Amy Stafford be **DISMISSED WITH PREJUDICE.**

**I.    Background**

*Pro se* Plaintiff Frank William Beckendorf, III filed a corrected complaint on August 27, 2021, in which he alleges claims against Defendants related to the medical treatment that he received while incarcerated at the St. Tammany Parish Jail from May to July 2021. (Rec. doc. 7). Plaintiff asserts claims of deliberate indifference to his medical needs under 42 U.S.C. § 1983.

Plaintiff specifically complains that each Defendant was deliberately indifferent to his medical needs at different and specific dates and times. He alleges that: (1) Ham and his medical staff "do not respect medical release forms and do not carry over medication from outside prescriptions" (Rec. doc. 7 at p. 4); (2) Nurse Kara told him she did not have

time to retrieve his blood pressure and psychiatric medications on June 6, 2021 and July 2, 2021 and makes no attempt to ensure that detainees receive their medication at morning pill call (*id.*); and (3) Nurse Amy "used a seemingly disfuntional [sic] reader[,]" on July 6, 2021, "recorded unrealistic and irregular results from the Plaintiff[,]", "declined to use a different machine," and discontinued his migraine medication. (*Id.* at p. 5).

II.     **Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Court must thus identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pleaded. *Id.* at 677–78.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.*; *Bartholomew v. Ladreyt*, Civ. A. No. 14-1468, 2015 WL 365525, at *1 (E.D. La. Jan. 27, 2015).

III.    **Law and Analysis**

In *Estelle v. Gamble*, the Supreme Court held that

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid

2

> claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.
> 	In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

429 U.S. 97, 105–06 (1976).

Defendants argue that Plaintiff cannot state a valid claim under Section 1983 for deliberate indifference to his serious medical needs for three independent reasons: (1) the attachments to the Complaint rebut the allegations against Ham; (2) the allegations against Ham, Marinello, and Stafford do not rise to the level of deliberate indifference and "constitute no more than negligence"; and (3) Plaintiff improperly lumps Defendants together. The Court addresses arguments below.

### A. The allegations against Ham

A court may consider the pleadings and any attachments to resolve a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Specifically, the Fifth Circuit has held that medical records of sick calls, examinations, diagnoses and medications may rebut an inmate's allegations of deliberate indifference. *Bejaran v. Cruz*, 79 F. App'x 73, 74 (5th Cir. 2003) (stating that "Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and . . . gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs"); *cf. Gobert v. Caldwell*, 463 F.3d 339, (5th Cir. 2006) (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'")).

Plaintiff attaches numerous grievances to his complaint. The only grievance related to his medical treatment was filed on June 8, 2021. Plaintiff claimed he was not being

3

provided with his medications, which included Remeron, an antidepressant; Catapres, for high blood pressure; and Vistaril, an antihistamine used for anxiety, and he noted that he filled out a medical release form for his pharmacy records to verify these medications.

Ham specifically addressed this grievance on June 23, 2021. (Rec. doc. 7-1 at p. 10). He noted that (and informed) Plaintiff that he had been prescribed Citalopram – an antidepressant – since his booking date of March 10, 2021. (*Id.*). Ham also noted that a licensed professional counselor had evaluated Plaintiff, and a psychiatrist – a Dr. Lo – had evaluated him on May 13, 2021. (*Id.*). The psychiatrist had prescribed Fluoxetine– another antidepressant – to Plaintiff and discontinued Citalopram. (*Id.*). Ham instructed Plaintiff to submit a sick-call request if he needed mental-health care before his next follow up appointment. (*Id.*). Plaintiff signed this Response to Inmate Grievance to confirm that he had met with Ham to discuss the details of Ham's report. (*Id.*). Confirming Ham's report and Lo's evaluation, the Warden of the prison marked Plaintiff's grievance as unfounded. (*Id.* at p. 11).

While Plaintiff complains that Ham does "not respect medical release forms and do[es] not carry over medication from outside prescriptions[,]" (Rec. doc. 7 at p. 4), the grievance attached to his complaint unequivocally demonstrates that (1) Plaintiff had been prescribed Citalopram since his booking date and (2) Plaintiff was evaluated by a psychiatrist who determined that he should be prescribed a different antidepressant, Fluoxetine. (Rec. doc. 7-1 at pp. 10-11). The grievance demonstrates that Ham did not intentionally deny or delay treatment for Plaintiff's condition, nor did he act indifferently to Plaintiff's medical complaints. *Estelle*, 429 U.S. at 104-06.

Moreover, in his opposition, Plaintiff contends that "Citalopram, which Dr. Ham prescribed him in substitution, is not a proper drug to substitute the other three, nor is it fit to treat insomnia and anxiety disorders, which he is diagnosed[.]"  (Rec. doc. 25 at p. 1). Plaintiff also maintains that Ham intentionally refused to honor a prescription from another physician.  (*Id.*).  However, these contentions do not state a plausible claim for deliberate indifference given that neither Plaintiff's disagreement with the medication prescribed, nor Ham's alleged refusal to honor another physician's prescription constitute deliberate indifference.  *Idel v. LeBlanc*, Civ. A. No. 17-1553, 2018 WL 3928374, at *11 (E.D. La. Aug. 16, 2018).  This Court recently recognized that "the Fifth Circuit has repeatedly and consistently determined that a doctor's failure to follow the advice of another doctor or provide medication prescribed by another doctor is not sufficient to state a claim for medical indifference, but rather only indicates a difference in medical opinion."  *Idel*, 2018 WL 3928374, at *11 (dismissing a plaintiff's claim on this ground) (citing *Clifford v. Doe*, 303 F. App'x 174, 176 (5th Cir. 2008) (citing *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999)).  Ham's actions – or even lack thereof – do not rise to the level of deliberate indifference.

### B.   Allegations against all three Defendants

Defendants also argue that Plaintiff fails to state a valid claim because the allegations against Ham, Marinello, and Stafford do not amount to deliberate indifference and constitute only mere negligence.  *Flowers v. Shanawar*, Civ. A. No. 9:19cv139, 2021 WL 1196768, at *3 (E.D. Tex. Jan. 28. 2021).

When a plaintiff sues a jail official in his or her individual capacity, that official may only be held liable under Section 1983 if he or she acted with subjective deliberate

indifference. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet[,]" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985), and requires facts that demonstrate that Defendants "refused to treat [Plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

As this Court has noted, Plaintiff contends that Ham does "not carry over medication from outside prescriptions[;]" (Rec. doc. 7 at p. 10); Marinello told him that she did not have time to retrieve his blood pressure and psychiatric medication on June 26, 2021 (*Id.*); and Stafford "used a seemingly disfuntional [sic] reader[,]" to check his blood pressure, declined to use a different machine," and discontinued his migraine medication. (*Id.* at p. 5).

For the following reasons, the Court finds that these allegations do not rise to the level of deliberate indifference. First, courts have recognized that "even if a more appropriate medication [i]s available, the failure to prescribe such medication would constitute no more than negligence." *Flowers*, 2021 WL 1196768, at *3. Moreover, the Fifth Circuit has held "[a]n occasional missed dose of medication does not, without more, constitute deliberate indifference." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). And this Court has recognized that high blood pressure does not present a serious medical need. *See Pea v. Edwards*, Civ. A. No. 14-1764, 2015 WL 4661646, at *14 (E.D. La. Aug. 5, 2015) (citing *Fourte v. Faulkner Cnty.*, 746 F.3d 384, 389 (8th Cir. 2014)) ("high blood pressure readings alone do not indicate a serious medical need.")); *Patterson v. Orleans Parish Dist. Attorney's Office*, Civ. A. No. 06-7322, 2007 WL 5063238, at *17 (E.D. La. 2007)

6

(finding that the plaintiff failed to allege sufficient facts to establish deliberate indifference and concluding that high blood pressure does not present a serious medical need). This Court has further noted that "contentions like [Plaintiff]'s that amount to a mere disagreement with the speed, quality or extent of medical treatment or even negligence do not give rise to a Section 1983 claim." *Patterson*, 2007 WL 5063238, at *18.

Here, the Court finds that the allegations in Plaintiff's complaint simply reveal that Plaintiff merely disagrees with the medication prescribed and the treatment afforded to him. Even were the allegations taken as true, his complaints regarding a missed dose of medication on June 26, 2021 and his disagreement over medication fail to rise to the level of deliberate indifference. *See Flowers*, 2021 WL 1196768, at *3; *Mayweather*, 958 F.2d at 91; *Patterson*, 2007 WL 5063238, at *18. Consistent with prior opinions of this Court, the Court concludes that "generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges." *Vinet v. Smith*, Civ. A. No. 14-1765, 2015 WL 350355, at *2 (E.D. La. Jan. 26, 2015); *see also Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). For these reasons as well, the claims against Ham, Marinello, and Stafford should be dismissed.[1]

## IV. Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendants Dr. Jose Ham and Nurses Kara Marinello and Amy Stafford (Rec. doc. 24) be **GRANTED** and that

---

[1] Given that the Court dismissed the claims on these bases, it need not address Defendants' argument that Plaintiff's claims should be dismissed because he "lumped" Defendants together in his complaint.

Plaintiff's claims against Defendants Dr. Jose Ham and Nurses Kara Marinello and Amy Stafford be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 6th day of December, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.