## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**FRANK WILLIAM BECKENDORF, III,**                    **CIVIL ACTION**

**VERSUS**                                            **NUMBER: 21-1357**

**DANIEL FLEISCHMAN, ET AL.**                         **SECTION: "T" (5)**

### ORDER AND REASONS

Before the Court is the Motion to Compel Discovery filed by *pro se* Plaintiff Frank William Beckendorf, III.  (Rec. doc. 112).  Defendants have filed an opposition to the motion, (rec. doc. 113), and Plaintiff has filed a reply.  (Rec. doc. 114).  For the following reasons, the motion is **DENIED**.

In his one-and-a-half-page motion, Plaintiff asks this Court to order Defendants to respond to the discovery requests that he propounded on them three times via First-Class Mail.  (Rec. doc. 112 at 1).  He further asks the Court to levy sanctions on Defendants for failing to respond to his discovery requests within the 30 days mandated by the federal rules.  (*Id.* at 2).  Defendants oppose the motion on various procedural grounds.  (Rec. doc. 113).

The most glaring problem with Plaintiff's motion is that there is no Rule 37 certification attached to Plaintiff's motion.  Rule 37(a) of the Federal Rules of Civil Procedure provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).[1]  This rule further provides, in pertinent part, "[t]he motion must include a certification that the

---

[1] It is axiomatic that even *pro se* parties are presumed to understand and must follow both the federal rules of civil procedure and a court's local rules.  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

In this case, Plaintiff has failed to provide the required Rule 37 certificate. This failure is a sufficient reason in itself to deny this motion. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, L.L.C.*, No. 11-633, 2014 WL 29451, (M.D. La. July 2, 2014). Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1). *See, e.g., Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding that the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted). Sanctions are wholly unwarranted for this reason as well.

In addition, the Court takes judicial notice that Defendants have filed Defendants' Rule 12(c) Motion for Judgment on the Pleadings, in which they raise the defense of qualified immunity. (Rec. doc. 71-1 at 3). They have also filed Defendants' Motion to Stay Discovery based on their assertion of qualified immunity. (Rec. doc. 104). Both motions are still pending. The Supreme Court and the Fifth Circuit have clarified that all discovery involving a defendant who raises the defense of qualified immunity must be stayed until the resolution of the defense. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without any discovery."); *Wells v. State Attorney Generals of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) (per curiam) ("[D]iscovery generally is not allowed until the resolution of immunity issues

in the case."); *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) ("[U]ntil resolution of the threshold question of the application of an immunity defense, discovery should not be allowed.") (internal quotation marks omitted).  Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel Discovery (rec. doc. 112) is **DENIED**.

New Orleans, Louisiana, this 4th day of November, 2024.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**